**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ANDRA WATSON**                                                                 **PLAINTIFF**

**V.**                                        **4:09CV00660-WRW**

**AFCO STEEL, LLC**                                                              **DEFENDANT**

## ORDER

Pending is Defendant's Motion for Summary Judgment (Doc. No. 9).  Plaintiff has

responded,[1] and Defendant has decided not to reply.  Based on the findings of fact and

conclusions of law below, Defendant's Motion for Summary Judgment is GRANTED.

## I.      BACKGROUND

Watson was terminated by AFCO Steel LLC (AFCO) on October 17, 2008, for excessive

absences.[2] He blames his absences and tardiness on the medicines he was taking for depression,

which made him sleep late.[3] On June 17, 2010, Watson gave his supervisor, Tony Jenders, a note

from his psychiatrist, explaining that Watson's medication caused drowsiness.[4] The doctor's note

asked Watson's employers to "take this into consideration on the dates he was late for work."[5]

Watson told Jenders that he was being treated for depression.[6]

---

[1]Doc. No. 12.

[2]Doc. No. 2.

[3]Doc. No. 13.

[4]Doc. No. 13-1.

[5]Doc. No. 13-5.

[6]Doc. No. 13-1.

AFCO keeps a point system for missed and tardy days.[7] One point is assessed for being absent a full day, and a half-point is assessed for being late to work.[8] Employees with eight points are terminated.[9] Watson was fired by AFCO after receiving eight points during the 2008 year.[10]

Watson filed a complaint against AFCO on July 24, 2009, in Pulaski County Circuit Court.[11] He alleged that AFCO had interfered with his rights under the Family Medical Leave Act ("FMLA") and the Arkansas Civil Rights Act ("ACRA").[12] The case was removed to federal court by AFCO on August 6, 2009.[13]

---

[7]Doc. No. 13-2.

[8]*Id.*

[9]*Id.*

[10]Doc. No. 13. Watson was absent on April 8, 2008, April 29, 2008, May 6, 2008, May 30, 2008, and June 16, 2008; and tardy on  May 15, 2008, June 13, 2008, June 18, 2008, June 19, 2008, July 17, 2008, September 9, 2008, September 11, 2008, and October 17, 2008. Doc. No. 13-6.

[11]Doc. No. 2.

[12]*Id.*

[13]Doc. Nos. 1, 2.

## II.   STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.[14]   The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[15]

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.[16]   The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[17]

---

[14]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.

[15]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[16]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).

[17]*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)).

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[18]

In reviewing employment discrimination claims, summary judgment should be used sparingly and with caution.[19]  "Because such cases often depend on inferences rather than on direct evidence, summary  judgment should not be granted unless the evidence could not support any reasonable inference for the nonmovant."[20]

## III.   DISCUSSION

AFCO makes three arguments that the FMLA does not protect Watson from being terminated.[21] First, AFCO claims that Watson did not provide appropriate notice that his leave from work was FMLA leave. Second, AFCO claims that Watson's depression is not the type of "serious health condition" protected by the FMLA. Finally, AFCO argues that Watson's failure to follow his employer's policy is grounds for denying him FMLA leave.

I need not address AFCO's notice argument, or whether Watson complied with their policy for reporting absences, because Watson has failed to show facts that he would meet the statutory requirements to be eligible for FMLA leave.

---

[18]*Anderson*, 477 U.S. at 248.

[19]*Lynn v. Deaconess Med. Ctr.*, 160 F.3d 484, 486 (8th Cir. 1998).

[20]*Id.* at 486-87 (emphasis added).

[21]Doc. No. 10.

A.      **Interference with FMLA Rights**

The FMLA protects employees from interference with FMLA leave and from retaliation by employers for exercising protected rights.[22]  Watson's claim is for interference with FMLA rights.[23] The FMLA states that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."[24] The Code of Federal Regulations defines "serious health condition" as "[a] period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition . . . ."[25] The Eighth Circuit uses a three-part test to determine if the plaintiff has a serious health condition for purposes of making an FMLA claim.[26] The plaintiff must show: (1) that the plaintiff had a "period of incapacity requiring absence from work;"[27] (2) "that this period of incapacity exceeded three consecutive days;"[28] and (3) that the plaintiff received "continuing treatment by . . . a health care provider" within the period.[29] As a threshold matter, a plaintiff must show facts indicating that they were incapacitated for more than three

---

[22]*Phillips v. Mathews*, 547 F.3d 905, 909 (8th Cir. 2008).

[23]Doc. No. 13.

[24]29 U.S.C. § 2612(a)(1).

[25]29 C.F.R. § 825.115(a).

[26]*Rankin v. Seagate Technologies, Inc.*, 246 F.3d 1145, 1148 (8th Cir. 2001).

[27]*Id.*

[28]*Id.*

[29]*Id.*

consecutive days.[30] Without this showing a plaintiff's absences from work can not be protected by the FMLA.[31]

Watson has not produced any evidence that he was incapacitated for more than three consecutive days.[32] Thus he is not eligible for FMLA protected leave, and his FMLA interference claim is barred as a matter of law. Accordingly, summary judgment on this claim would be proper.

### B.     ACRA Claims

To survive summary judgment the nonmoving party must do more than allege issues of material fact, "its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."[33] Rule 56 is clear that "[i]f the opposing party does no respond, summary judgment should, if appropriate, be entered against the party."[34] Watson failed to respond to AFCO's motion for summary judgement on the ACRA claims.[35]

---

[30]*Id*. at 1147.

[31]*Rankin*, 246 F.3d at 1147.

[32]Doc. No. 13-6.

[33]Fed. R. Civ. P. 56(e)(2).

[34]*Id*.

[35]Doc. No. 13.

Summary judgment would be appropriate for this reason, but even if Watson had responded on the issue of his ACRA claims, the evidence indicates that there was no ACRA violation.

ACRA provides that:

(a) The right of an otherwise qualified person to be free from discrimination because of race, religion, national origin, gender, or the presence of any sensory, mental, or physical disability is recognized as and declared to be a civil right. This right shall include, but not be limited to:
(1) The right to obtain and hold employment without discrimination[.][36]

An analysis of a disability claim under ACRA uses the same principles as a claim under the Americans with Disabilities Act ("ADA").[37] A claim for discrimination of a disability under ACRA and the ADA requires: (1) that the plaintiff has a disability within the meaning of the ADA, (2) is able to perform the essential functions of the job, with or without reasonable accommodation, and (3) suffered an adverse employment action as a result of the disability.[38]

Watson has failed to show that he could perform the essential functions of his job with, or without a reasonable accommodation. The Eighth Circuit holds that allowing an employee to be absent from work at their own discretion is not a reasonable accommodation as a matter of law.[39] The Eighth Circuit found that "regular and reliable attendance is a necessary element of most jobs."[40] Beyond this, the duty to accommodate a disability does not include providing

---

[36]Ark. Code Ann. § 16-123-107.

[37]*Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002).

[38]*Id.*

[39]*Rask v. Fresenius Med. Care N. Am.*, 509 F.3d 466, 469 (8th Cir. 2007).

[40]*Id.*

accommodations that are primarily for a personal benefit.[41] Being permitted to take unexpected absences from work would not assist Watson with performing his job, primarily it would be a personal benefit.[42] Because Watson has not shown that he would be able to perform the essential functions of his job with, or without a reasonable accommodation, summary judgement on his ACRA claims is appropriate.

## CONCLUSION

Based on the findings of facts and conclusions of law above, Defendant's Motion for Summary Judgment (Doc. No. 9) is GRANTED.

IT IS SO ORDERED this 13th day of October, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[41]*Id*. at 471.

[42]*Id*. In *Rask* the plaintiff asserted claims under the FMLA and ADA, after she was fired for absences that she blamed on her anti-depression medications. *Id*.