IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANDRA WATSON                                                                                          PLAINTIFF

V.                                          4:09CV00660-WRW

AFCO STEEL, LLC                                                                                       DEFENDANT

## ORDER

Pending is Plaintiff's Motion to Alter or Amend Order Granting Summary Judgment (Doc. No. 17). Defendant has responded.[1]

**I.   BACKGROUND**

Plaintiff Andra Watson was terminated by AFCO Steel LLC ("AFCO") on October 17, 2008, for excessive absences.[2] Mr. Watson filed a complaint against AFCO on July 24, 2009, in Pulaski County Circuit Court.[3] He alleged that AFCO had interfered with his rights under the Family Medical Leave Act ("FMLA") and the Arkansas Civil Rights Act ("ACRA").[4] The case was removed to federal court by AFCO on August 6, 2009.[5] On October 13, 2010, I granted summary judgement in favor of AFCO and entered Judgment.[6] On October 22, 2010, Plaintiff filed a motion to alter or amend the Order and Judgment.[7]

**II.   STANDARD**

---

[1] Doc. No. 19.

[2] Doc. No. 2.

[3] *Id*.

[4] *Id*.

[5] Docs. Nos. 1, 2.

[6] Docs. Nos. 15, 16.

[7] Doc. No. 17.

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.[8]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[9]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.[10]  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*:[11]

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[12]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[13]

---

[8]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  FED. R. CIV. P. 56.

[9]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[10]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).

[11]862 F.2d 1338 (8th Cir. 1988)

[12]*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)).

[13]*Anderson*, 477 U.S. at 248.

2

In reviewing employment discrimination claims, summary judgment should be used sparingly and with caution.[14] "Because such cases often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence could not support any reasonable inference for the nonmovant."[15]

## III.  DISCUSSION

Plaintiff seeks to alter or amend the October 23, 2010, Order granting summary judgment for AFCO. The Motion and accompanying Brief in Support raise only the issue of whether Plaintiff has a serious health condition within the meaning of the FMLA.[16] The Motion did not offer any argument that the findings on the ACRA claim should also be altered.[17] To the extent that this Order modifies and amends my previous Order granting summary judgement, it does not alter my finding that Plaintiff is unable to perform the functions of his job with, or without a reasonable accommodation, and that summary judgement on his ACRA claims was appropriate.[18] Indeed Plaintiff may have conceded this claim by failing to respond to it in the Response and Brief in Support to AFCO's Motion for Summary Judgement.[19]

In the Order granting summary judgment[20] I noted that I did not need to address the lack of notice and failure to follow company policy defenses raised by AFCO's Motion for Summary

---

[14]*Lynn v. Deaconess Med. Ctr.*, 160 F.3d 484, 486 (8th Cir. 1998).

[15]*Id*. at 486-87 (emphasis added).

[16]Docs. Nos. 17, 18.

[17]*Id*.

[18]Doc. No. 17.

[19]Docs. Nos. 12, 13.

[20]Doc. No. 15.

Judgment.[21] Now it is clear that I do, because Plaintiff cannot show that he gave sufficient notice to his employer.

      **A.**     **Chronic Serious Health Condition**

Plaintiff asserts that he meets the definition of a "serious health condition" in 29 C.F.R. 825.114(a)(2)(iii), which was the controlling statute in 2008 at the time of Plaintiff's termination. Plaintiff is correct that the continuing treatment test for a serious health condition is not applicable, and that this case falls under the FMLA protections for "a chronic serious health condition." The relevant statute describes such a condition as:[22]

> (iii) Any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which:
> (A) Requires periodic visits for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider;
> (B) Continues over an extended period of time (including recurring episodes of a single underlying condition); and
> (C) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).

The undisputed facts show Plaintiff's depression may be a chronic serious health condition. The evidence shows that Plaintiff's condition required periodic visits for treatment by a healthcare provider. Plaintiff's medical records indicate that he began seeing a psychiatrist on May 30, 2007.[23] He saw one psychiatrist for 10 sessions between May 30, 2007, and November, 11, 2007.[24] The record shows that he saw a different psychiatrist on at least four occasions before the termination of his employment, and he continued seeing this psychiatrist after being fired

---

[21]*Id.*

[22]29 C.F.R. § 825.114(a)(2) (2008).

[23]Doc. No. 13-3.

[24]*Id.*

4

from AFCO.[25] Plaintiff can also show that his condition continued over an extended period of time. His depression dates to at least 2007 when he began seeing a psychiatrist and continued through the time of his discharge in October 2008.[26] Assuming the plaintiff's absences from work were caused by his depression, then it can be inferred that his condition caused episodic incapacities. Thus Plaintiff may have a chronic serious health condition within the meaning of the FMLA. But Plaintiff can not show that he provided sufficient notice of his condition to AFCO.

### B. Notice

To be eligible for FMLA leave, an employee must give enough information for the employer to infer that their condition is serious enough that any requested leave may be protected by the FMLA.[27] The Eighth Circuit has said "[t]he employer's duties are triggered when the employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave."[28] In *Rask*, the court found that an employee who told their employer that they were diagnosed with depression did not give enough notice.[29] "Depression . . . is a condition with many variations" and the employer would need more information to be on notice that the condition makes the employee unable to work.[30] In another Eighth Circuit case, the Court found that two doctor's notes stating that an employee was

---

[25]*Id.*

[26]*Id.*

[27]*Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 991 (8th Cir. 2005).

[28]*Rask v. Fresenius Medical Care North America*, 509 F.3d 466, 471 (2007).

[29]*Id.* at 472-73.

[30]*Id.*

5

"advised to remain off work" were not sufficient notice because they did not mention the nature of the illness.[31]

On June 17, 2008, Plaintiff gave Tony Jenders, AFCO's Plant Manager, a doctor's note that stated:[32]

> This is to verify that Andra is a patient under my care & is currently prescribed medication that could cause drowsiness. Please take this into consideration on the dates he was late for work - 4-8, 4-29, 5-6, 5-15, 5-30, 6-16-08.
> Thanks

Plaintiff was late on only one of the dates in the note and was absent on the other dates.[33] The note does not indicate why Plaintiff was being treated. When Plaintiff gave Mr. Jenders the note he told the plant manager that he was on medication for depression that made him sleepy, and that his doctor was trying to get him on the "right kind of medication to balance" him out.[34] Several weeks after giving the doctor's note, Plaintiff had a follow-up conversation with Mr. Jenders and asked about removing his absentee points because of the note.[35] Plaintiff also spoke to Bill Snyder, AFCO's Director of Human Resources, and asked him about taking absentee points off his record because of the note.[36] On August 18, 2008, Plaintiff's supervisor Chris Breshears warned him that he had 7.5 absentee points.[37] Plaintiff told Mr. Breshears that he had given the doctor's note to Jenders.[38]

---

[31] *Woods*, 409 F.3d at 986, 992-93.

[32] Doc. No. 13-5.

[33] Doc. No. 13-6.

[34] Doc. No. 11-1.

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

The doctor's note, a single mention of depression, and several conversations about removing absentee points from his record are the only facts in the record that Plaintiff informed AFCO that his depression was serious. Plaintiff did not provide enough information to AFCO to put the employer on notice that Plaintiff was suffering from a serious medical condition that would be protected by the FMLA. Informing your employer that you are being treated for depression is not enough to give notice under the FMLA.[39] At best it would be constructive notice, and the Eighth Circuit has expressly said that there is not a constructive notice exception to the notice requirements of the FMLA.[40] Because Plaintiff failed to give adequate notice to his employer, his claim for leave protected by the FMLA fails and summary judgement on this claim is appropriate.

### C. Failure to Follow Employer Policy

Typically employees must follow their employer's policies to request leave from work.[41] "If an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be

---

[39] *Rask*, 509 F.3d at 471.

[40] *Scobey v. Nucor Steel-Arkansas*, 580 F.3d 781, 788 (8th Cir. 2009).

[41] 29 C.F.R. § 825.303(c).

delayed or denied."[42] The Code of Federal Regulations gives this example of a situation where an employee can not follow employer policy to report their absence:

> [A]n employer may require employees to call a designated number or a specific individual to request leave. However, if an employee requires emergency medical treatment, he or she would not be required to follow the call-in procedure until his or her condition is stabilized and he or she has access to, and is able to use, a phone.[43]

Even if the leave is protected by the FMLA, an employer can terminate the employee for failing to follow the employer's policies.[44] "Employers who enforce such policies by firing employees on FMLA leave for noncompliance do not violate the FMLA."[45] The Eighth Circuit has also found that "an employer who interferes with an employee's FMLA rights will not be liable if the employer can prove it would have made the same decision had the employee not exercised the employee's FMLA rights."[46]

AFCO's attendance policy at the time of Watson's termination required employees who were going to be absent to call one of three telephone numbers before the start of their shift.[47] Plaintiff stated in his deposition that he was aware of the policy, and called after his shift was scheduled to start.[48] The reason that he did not call in before the start of his shift as required by the policy is that he was asleep.[49] Whether or not Plaintiff's sleepiness was unforeseeable or to

---

[42]*Id.*

[43]*Id.*

[44]*Bacon v. Hennepin County Med. Ctr.*, 550 F.3d 711, 715 (8th Cir. 2008).

[45]*Id.*

[46]*Throneberry v. McGehee Desha County Hosp.*, 403 F3d. 972, 977 (8th Cir. 2005).

[47]Doc. No. 10.

[48]Doc. No. 11-1.

[49]*Id.*

use the language of the regulation an "unusual circumstance" so as to justify the failure to follow employer policy is an open question of fact, and summary judgement on this issue is not appropriate.

## CONCLUSION

Because Plaintiff failed to give AFCO adequate notice that he had a serious medical condition within the meaning of the FMLA, his claim for interference with his rights under the FMLA fails.

Plaintiff's Motion to Alter or Amend (Doc. No. 17) is GRANTED. Accordingly, this Order alters and amends the previous Order.[50] Defendant's Motion for Summary Judgement is GRANTED,[51] and the Judgment[52] stands.

IT IS SO ORDERED this 28th day of October 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[50] Doc. No. 15.

[51] Doc. No. 9.

[52] Doc. No. 16.